[No. 7,998.—In Bank.]
July 26, 1882.

## GASPAR OREÑA v. C. E. SHERMAN, Sheriff, etc.

ASSESSMENT—STATEMENT—EQUALIZATION—CONSTITUTIONAL LAW.—*Section 3633 of the Pol. Code, providing that if any person after demand made by the Assessor neglects or refuses to give under oath the statement provided for in § 3629 Pol. C. etc. the Assessor must note the refusal on the assessment book opposite his name and must make an estimate of the value of the property of such person, and that the value so fixed by the Assessor must not be reduced by the Board of Supervisors, is not unconstitutional.*

ID.—ID.—*An entry on the assessment book opposite the name of the party assessed that he had "neglected to return a statement as required by § 3629 Pol. C." is sufficient.*

APPEAL from a judgment for the defendant in the Superior Court of the County of Santa Barbara. HATCH, J.

Action to recover money paid under protest upon-an-alleged void assessment.

The complaint alleges: That the Assessor of the said County of Santa Barbara for the fiscal year 1880–1, did list to the plaintiff herein, upon the assessment roll of said county for said year, with other property, solvent credits in amount twenty thousand dollars, and did assess the same for twenty thousand dollars. That, as appears by said assessment roll, the amount of four hundred dollars was imposed upon said pretended property, twenty thousand dollars solvent credits, as and for the State and County taxes, according to the above rates, and said amount was duly entered against plaintiff. That at no time on the first Monday of March, 1880, was the plaintiff the owner, nor had he in his possession, or under his control, solvent credits in the sum of twenty thousand dollars, or any solvent credits whatever. That before said taxes became delinquent, and on or about the month of July, 1880, plaintiff applied to said Assessor to correct said error, by striking from said assessment said item of twenty thousand dollars solvent credits. That the District Attorney of said county gave his consent and request that the same be corrected. That said Assessor refused to make such correction. That thereafter plaintiff applied to the Board of Supervisors, while

said board was in session as a board of equalization, during said year 1880, to have equalized said assessment. That said board refused to entertain plaintiff's application or equalize said assessment, on the ground, so stated by them, that they had no power so to do, plaintiff having neglected to return an assessment statement. That there appears upon the margin of the said assessment roll opposite to the assessment of property to plaintiff the following: "Neglected to return statement required under Section 3629, Pol. Code." That plaintiff refused to pay said amount of taxes levied upon said pretended solvent credits, or any part thereof, and thereafter and in the month of January, 1881, the same became delinquent.

(Here follows allegations as to payment under protest, etc.) The judgment was on demurrer to the complaint.

*Richards & Boyce,* for Appellant.

Defendant admits by his demurrer that plaintiff had no solvent credits on the first Monday of March, 1880, and consequently none could be listed to him or assessed. The Assessor can not list and assess imaginary property. (Pol. C. §§ 3628, 3629, 3633, 3648.) All these provisions imply the known existence of property. The duties of the Assessor are simply to ascertain property, and fix the value of it. He can not list property not in existence, and then value it. If he could guess twenty thousand dollars, he could as well guess a million, and have vested in him absolute power of confiscation. Section 3633 is unconstitutional. Section 3673 as it existed before the new Constitution, gave the Board of Supervisors power "except as prohibited in this title," to correct any valuation by adding to or deducting therefrom. One of the prohibitions in the Act is contained in Section 3633.

The new Constitution (Art. xiii. § 9,) makes it the duty of the Board "to equalize the value of the taxable property of the county for the purpose of taxation." It is empowered to increase or lower any assessment contained in the roll, and make it conform to the true value in money of the property contained in the roll. Section 3673 was, subsequently to the going into effect of the new Constitution, amended so far as to conform to its provisions. The present section gives the Board power to increase or lower any assessment, and there

is no exception. This repeals Section 3633, which is, at any rate, unconstitutional, as it is a limitation upon the power directly conferred upon the Board by the Constitution.

The Assessor made no demand as required by Section 3633. The note on the margin of the assessment roll was to the effect that plaintiff neglected to give the statement. The law requires the refusal to be noted which implies a demand.

*J. H. Kincaid,* District Attorney, for Respondent.

The assessment was made by the Assessor under authority of Section 3633, after demand by the Assessor, and a neglect or refusal to give in a statement as required by Section 3628, P. C. Section 3633 is in accord with the new Constitution, and consequently not repealed by the same. The Legislature did not intend to prohibit the Board of Supervisors from lowering assessments made under Section 3633, and also directing the Auditor to disregard any action of the Board of Supervisors which is prohibited by Section 3633, P. C., Section 3730, P. C., and yet leave the matter open to the Courts. Such would defeat the object intended, and strip the law of its penalty.

The COURT:

Section 3633 of the Political Code, can not be held to be unconstitutional unless it be inconsistent with some provision of the Constitution, and as we read Section 8 of Article xiii. of the Constitution there is no inconsistency between said section of the Code and the Constitution. As we construe the Constitution, that section of the Code might be enacted now.

We think that the entry on the assessment book opposite the name of appellant, that he had "neglected to return statement as required by Section 3629, Political Code," sufficient. The law says that the Assessor "must note the refusal on the assessment book," etc. It seems to us that the entry which he made was the equivalent of that.

Judgment affirmed.