[No. 9867.  In Bank. — October 30, 1885.]
THE PEOPLE, PLAINTIFF-APPELLANT, v. PITTSBURG
RAILROAD COMPANY, DEFENDANT-APPELLANT.

CONSTITUTIONAL LAW — TAXATION — ASSESSMENT — EQUALIZATION. —Section 9 of
the Act of March 18, 1874, authorizing an assessment for taxes in the city and
county of San Francisco, after the time within which the board of supervisors
can meet for the purpose of equalization, violates both the State Constitution
and the fourteenth amendment to the Constitution of the United States, and its
validity may be attacked even by one who has failed to furnish the statement
required by section 3629 of the Political Code.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

The plaintiff appeals from so much of the judgment as denies
interest; and the defendant from so much as gives the plaintiff
judgment for the tax and penalty. The remaining facts are
stated in the opinion of the court.

W. T. Baggett, and James A. Waymire, for Plaintiff-Appellant.

John B. Harmon, for Defendant-Appellant, cited Hobart v.
Tillson, 66 Cal. 210, and the cases there cited.

McKINSTRY, J. — The action is to recover city and county
and State taxes for the fiscal year 1880–81, as entered upon the
"supplemental tax roll," under the Act of March 18, 1874.
(Stats. 1873–74, p. 477.) The assessment was made after the
board of equalization had finally adjourned, and under the ninth
section of the act above cited : —

The Constitution of the State contemplates: First, assessment
by the assessor; second, action by the county board of equal-
ization; third, action by the State board of equalization. Under
section 9 of article xiii., the tax-payer is entitled to notice of the
meetings of the county board at which his taxes may be increased.
But the ninth section of the Act of 1874, attempts to provide for
an assessment by the assessor (of the city and county of San Fran-
cisco), which is arbitrary and absolute, without the possibility of
equalization by the board of supervisors, as it provides for assess-
ment to be made after the time within which the board can act.
The legislature has no power thus to deprive the citizen of an

opportunity of appearing before the board for the purpose of contesting the amount assessed against him. The ninth section is violative both of the Constitution of the State and of the fourteenth amendment of the Constitution of the United States.

It is urged that defendant cannot rely upon the invalidity of the statute, because he failed to furnish the assessor with a list of his taxable property. The Political Code makes it the duty of the assessor " to exact ". from each person a statement under oath, setting forth specifically all his real and personal property, etc. (§ 3629.) And section 3633 provides: —

" If any person after demand made by the assessor, neglects or refuses to give under oath the statement herein provided for, or to comply with the other requirements of this title, the assessor must note the refusal on the assessment book, opposite his name, and must make an estimate of the value of the property of such person; and the value so fixed by the assessor must not be reduced by the board of supervisors."

There is no finding in the transcript that the assessor demanded or attempted to exact from defendant the statement mentioned in section 3629, or that defendant neglected or refused to give under oath the statement " after demand made by the assessor."

Moreover, the statute provides the penalties for a failure to furnish the statement after demand made by the assessor. *First,* the person refusing to make the statement is liable to pay one hundred dollars. (Pol. Code, § 3682.) *Second,* he is deprived of the right to have reduced the valuation placed upon his property by the assessor prior to the adjournment of the county board of equalization. (Pol. Code, § 3633.) That such is the meaning of section 3633, is apparent from the language therein employed. The last clause declares " the value so fixed by the assessor must not be reduced by the board of supervisors," and clearly indicates the valuation referred must be made before the adjournment of the board as a board of equalization.

We are not authorized to add any third consequence as resulting from the failure to furnish a list of property, even where a list or statement has been demanded by the assessor, *a fortiori* (under the pretense of imposing a third and distinct penalty upon a failure to furnish the statement of property), to vitalize

and render operative a provision of the statute clearly violative of the Constitution.

Neither *City and County of San Francisco* v. *Flood,* 64 Cal. 504, nor *Orena* v. *Sherman,* 61 Cal. 101, is in conflict with the views above expressed. In both the assessment was made by the assessor prior to the meeting of the county board of equalization. In *Orena* v. *Sherman,* it appeared that the assessor had entered in his assessment book that the party assessed had refused to furnish a statement of his property, and thereby declared and determined that demand had been made, and the list refused.

Judgment reversed.

MORRISON, C. J., McKEE, J., SHARPSTEIN, J., and ROSS, J., concurred.

MYRICK, J., and THORNTON, J., dissented.

Rehearing denied.