## BOWMAN v. DEWEY.

No. 8480; November 25, 1885.

8 Pac. 613.

**Taxation—Assessment Under Act of March 18, 1874, Invalid.—** A tax founded on a special and supplemental assessment, made in the year 1880–81 by the assessor in the city and county of San Francisco, of certain personal property, did not become a lien on the property of the person assessed, as such assessment was invalid.

APPEAL from Superior Court, City and County of San Francisco.

Cope & Boyd for appellant; Doyle, Barber, Galpin & Scripture for respondent.

BELCHER, C. C.—This is an action to enforce the specific performance of a contract for the sale of a lot in the city of San Francisco, and to require the defendant to pay certain taxes which, it is alleged, are a lien on the lot. The contract provided that the title to the lot should be "good and marketable, and free of all encumbrances." The complaint alleges that in the fiscal year 1880–81 the assessor of the city and county of San Francisco made a special and supplemental assessment of certain personal property owned by the defendant, under the provisions of the act of March 18, 1874 (Stats. 1873–74, p. 477), and that the taxes so levied have not been paid, and are a lien and encumbrance on the lot. The defendant demurred to the complaint and at the same time answered thereto. By his answer he denied that the said taxes ever became or were a lien on the lot, and he alleged, among other things, that the said special or supplemental assessment was invalid because it was made after the fourth Monday of July, 1880, and after the board of equalization had adjourned, and without any order or direction of the board of supervisors, or the board of equalization. The plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense or counterclaim to the cause of action set forth in the complaint. The court sustained the demurrer to the complaint,

and overruled the demurrer to the answer; and, the plaintiff declining to amend, judgment was entered in favor of the defendant. The appeal is from that judgment.

It is apparent that the only question presented for decision is, Was the tax founded on the assessment in question a lien upon the lot of land described in the complaint? A similar assessment was involved in the case of People v. Pittsburg R. Co., 67 Cal. 625, 8 Pac. 381, and was held by this court to be invalid.

Upon the authority of that case the judgment here should be affirmed.

We concur: Searls, C.; Foote, C.

By the COURT.—For the reasons stated in the foregoing opinion the judgment is affirmed.

We dissent: Myrick, J.; Thornton, J.