[No. 12786.    In Bank. — September 27, 1888.]

THE PEOPLE EX REL. G. A. JOHNSON, ATTORNEY-GENERAL, PETITIONER, *v.* THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CERTIORARI — REVIEW OF QUESTION NOT OBJECTED TO. — When the point is not made in the appellate court that a question presented cannot be reached on *certiorari*, it will be examined on the merits.

TAXATION — DEDUCTION OF MORTGAGE DUE TO STATE UNIVERSITY. —The value of a mortgage given to the regents of the state university should be deducted from the full value of the property mortgaged, and the right of the mortgagor to such deduction is not affected by the circumstance that the mortgage is not taxable, as being the property of the state.

CERTIORARI to the board of supervisors of the city and county of San Francisco. The facts are stated in the opinion of the court.

*Attorney-General Johnson*, and *Langhorne & Miller*, for Petitioner.

*George Flournoy, Jr.*, and *Flournoy & Mhoon*, for Respondent.

McFARLAND, J.— Mrs. C. L. Tams is, and during the fiscal year 1888 has been, the owner of certain real property of the value of $142,845, situated in the city and county of San Francisco, upon which there was and is a mortgage executed to and held by the regents of the university of California to secure the sum of $63,000. The assessor of said city and county assessed said property to Mrs. Tams for said fiscal year, at its full value, viz., $142,845, and refused to deduct therefrom the amount of said mortgage, or any part thereof. Upon application duly made to the respondent, sitting as a board of equalization, the latter ordered the amount of the mortgage ($63,000) to be deducted from the full cash value of the land,—thus establishing the value of the latter, to be assessed to the mortgagor, at $79,845. To review this action of the board, this writ of *certiorari* was sued out, the petitioner contending that the board had no power to deduct the mortgage, because, being held by the regents of the university, it is the property of the state (as decided in *Hollister* v. *Sherman*, 63 Cal. 38), and therefore not taxable. And, as the point is not made here that the question thus presented cannot be reached on *certiorari*, we will examine it on the merits.

Section 4 of article 13 of the constitution provides that "a mortgage . . . . by which a debt is secured shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. Except as to railroad and other *quasi* public

corporations, in case of debts so secured, the value of the property so affected by such mortgage, . . . . *less the value of such security,* shall be assessed and taxed to the owner of the property." Section 1 of the same article provides that the property belonging to the state shall be exempt from taxation. And it is argued by petitioner, as before stated, that, in the case before us, the whole value of the land should be assessed to the mortgagor, because the mortgage is exempt from taxation. But the real question is not what property is exempt from taxation, but what property is assessable to the mortgagor. Section 4, therefore, governs the case, and not section 1. And the rule established by section 4, that the value of the property less the value of the mortgage shall be assessed to the mortgagor is general, and applies to all mortgages not especially excepted, the only exceptions being those made by railroad and other *quasi* public corporations. All mortgagors are given the benefit of the rule, except the corporations above named.

It is true that section 4 also provides that the value of the mortgage shall be assessed and taxed to the owner thereof; but the fact that the mortgage happens to belong to the state, and is therefore exempt from taxation, does not render nugatory the provision that there shall be assessed to the mortgagor only the value of the land less the value of the mortgage. If the mortgage were held by an individual, it would be assessed to him. Being held by the state, it is not taxable. But that is the case with every kind of property; if private property, it is taxable; if public property, it is not taxable. And the right of the mortgagor is not affected at all by the circumstance that the mortgage is or is not assessable and taxable.

It is urged that under this rule the state will lose a great many taxes. But the state should not expect to collect taxes on her own property,—much less should she expect somebody else to pay them. Under the rule

contended for by petitioner, Mrs. Tams would have to pay taxes on sixty-three thousand dollars belonging to the state. The anticipated losses of the state will therefore simply be like the fancied losses of other people who fail to get what they ought not to have.

In our opinion, the value of the mortgage to the regents of the university was properly deducted from the full value of the property; and the order of the board of equalization sought to be reviewed is affirmed.

McKINSTRY, J., SEARLS, C. J., SHARPSTEIN, J., and THORNTON, J., concurred.