## HENNE v. LOS ANGELES COUNTY.*

### L. A. No. 760; December 29, 1899.

#### 59 Pac. 780.

**Taxation—Mortgages.—Neglect or Refusal of a Land Owner** to return a mortgage on his land for taxation does not authorize the assessor to arbitrarily assess it to him, since Political Code, section 3629, requires the land owner to return only property belonging to himself; and section 3633, authorizing arbitrary assessment on refusal of the owner to make a statement, applies only to property belonging to him; and section 3650, subdivision 15, requires the assessor to deduct mortgages and assess them to their owner.

**Taxation—Mortgages.—Where the Assessor Fails to Enter** the value of mortgages on land assessed, in the proper column, and deduct the same, as required by Political Code, section 3650, subdivision 15, it cannot be presumed that he made the proper deductions, but failed to so state on the assessment-roll.

APPEAL from Superior Court, Los Angeles County.

Action by C. Henne against the county of Los Angeles. From a judgment for defendant plaintiff appeals. Reversed.

R. L. Horton for appellant; J. C. Rines for respondent.

CHIPMAN, C.—Action to recover certain taxes claimed to have been illegally exacted. Plaintiff alleges ownership of certain real estate situated in the city of Los Angeles; that said property was assessed for the fiscal year 1898–99 as of the value of $96,530; that at the time of said assessment there was a mortgage resting upon said property, executed by plaintiff to the regents of the University of California, for the sum of $35,000, no part of which had been paid, and that the same remained unpaid on the first Monday of March, 1898; that no deduction or credit was made or given plaintiff upon the assessment-roll on account of said mortgage, and the assessor failed and refused to treat said mortgage as an interest in the property affected thereby, or to deduct the value of said mortgage security from the value of said property, but assessed the entire value thereof to plaintiff; that on July 23, 1898, plaintiff made a demand in writing upon the assessor that he correct said assessment by deducting from the value of said

*For subsequent opinion in bank, see 129 Cal. 297, 61 Pac. 1081.

property assessed to plaintiff, and affected by said mortgage, the value of said mortgage, alleged to be $35,000; that the assessor refused; that thereafter, on November 3, 1898, plaintiff filed his verified petition before the board of supervisors of defendant county, requesting the said board to correct, or order to be corrected, on the assessment-roll of said county, the assessment of plaintiff, by deducting from the value of said property assessed to plaintiff, and affected by said mortgage, the value of said security, and that said board denied said petition; that on November 19, 1898, plaintiff paid said taxes, amounting to $1,287.06, under a written protest addressed and delivered to the tax collector of said county, specifying therein the portion of said assessment claimed to be void, and the ground on which said claim was founded. Then follow allegations showing what was contained in said protest, which appears to have set out a copy of the assessment as shown by the assessment-roll, a copy of which is found in the complaint, and specifically setting forth the facts as above. The alleged offer was, upon failure to grant the deduction claimed, to pay the whole of said tax under protest, "under and by virtue of the provisions contained in section 3819 of the Political Code." The alleged excess payment amounted to $466.66⅔. It is alleged that on November 21, 1898, plaintiff presented his verified demand in writing upon the treasury of the county, to said board of supervisors, which was rejected by the board January 5, 1899, and that no part of said claim has been paid. Defendant demurred to the complaint on several grounds. The only ground now urged is insufficiency of facts. Defendant had judgment of dismissal on the demurrer, from which this appeal is prosecuted.

Under the provisions of section 4, article 13, of the constitution of this state, and subdivision 15 of section 3650 of the Political Code, it was the obvious duty of the assessor to deduct the amount of the mortgage held by the regents of the university from the assessed valuation of the land, the subject of the mortgage: Hollister v. Sherman, 63 Cal. 38; People v. Board of Supervisors, 77 Cal. 136, 19 Pac. 257. In effect, plaintiff was assessed, not only on his own property, but upon that of the mortgagee. To the extent that plaintiff's assessment was increased by the assessor's failure to deduct the amount for which the mortgage was assessable, the assessment was void, and may be recovered back, under section 3819 of the Political Code. Respondent does not dispute the liability as

a general proposition, but it contends that, because the complaint does not allege that plaintiff made to the assessor the statement required by section 3629, such neglect subjected plaintiff to the arbitrary assessment provided for by section 3633. Section 3629 provides that the assessor "must exact from each person a statement, under oath, setting forth specifically all the real and personal property owned by such person," etc. In six separate paragraphs are pointed out the facts required to be shown by the statement. They are all designed to compel from the taxpayer a disclosure of the taxable property owned by him, not taxable property owned by some other person. Paragraph 5 makes it the duty of the owner of mortgages, deeds of trust, etc., to return the same. It is not made the duty of the owner of the mortgaged land to return the mortgages held by his mortgagee. Section 3630 makes provision for blank forms for statements mentioned in section 3629. Section 3631 provides that "the assessor may fill out the statement at the time he presents it, or he may deliver it to the person and require him, within an appointed time, to return the same to him, properly filled out." Section 3632 gives the assessor power to require every person found within his county to subscribe an affidavit, giving his name and residence; to subpoena and examine any person in relation to any statement furnished to him; and, under certain restrictions, a refusal to make the statement required by law, or to appear or to make the affidavit above referred to, may for each refusal work a forfeiture of $100 to the people of the state. Section 3633 provides that "if any person, after demand made by the assessor, neglects or refuses to give, under oath, the statement herein provided for," etc., the assessor must estimate the value of the property of the person so refusing and transmit the same to the board of supervisors, with a statement of the facts. The board must thereupon require each taxpayer affected by such assessment to make a statement under oath, etc., and if any taxpayer, after demand, shall neglect or refuse to deliver to the board the statement provided for under oath, etc., the board, sitting as a board of equalization, "must increase such assessment and valuation to such an amount as the said board shall deem just; but the value fixed by the assessor must not, in any case, be reduced by the board of supervisors." Section 3650 provides that the assessor "must prepare an assessment-book . . . . in which must be listed all the property within the county, under the

appropriate head: 1. The name of the person to whom the property is assessed.'' Then follows numerous subdivisions designating the various kinds of property, real and personal. "15. When any property, . . . . is subject to or affected by a mortgage, deed of trust, contract or other obligation by which a debt is secured, he. [the assessor] must enter in the proper column the value of such security, and deduct the same,'' etc. Section 3627 provides: " . . . . In case of debts so secured, the value of the property affected by such mortgage, . . . . less the value of such security, shall be assessed and taxed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof,'' etc. Section 3678 provides: "To assist the assessor in the performance of his duties, the recorder must annually transmit to the assessor, . . . . a complete abstract of all mortgages. . . . . Such abstract shall be written under appropriate headings, to embrace all information requisite for the assessor,'' etc.

It is claimed by respondent that the property owner who fails to make the statement under section 3629 is in no position to complain of any error the assessor may make unless the assessment is void upon its face; citing City and County of San Francisco v. Flood, 64 Cal. 504, 2 Pac. 264; Orena v. Sherman, 61 Cal. 101. It is also claimed that it is the duty of the taxpayer to disclose to the assessor the nature and amount of the mortgage secured by his land, failing in which he cannot be heard to complain, and the assessor may make the arbitrary assessment contemplated by section 3633. Orena v. Sherman is very briefly reported, but I think it sufficiently appears to be a case where the assessor had demanded a statement under section 3629, and the taxpayer had refused to make it. In City and County of San Francisco v. Flood the question was whether the term "mining stock" was a good description of personal property. Respondent relies upon the following remarks in the opinion: "If the description was taken from a list furnished by the defendant, . . . . he ought not to be heard to complain of the insufficiency of the description. If made by the assessor without the aid of such list, the assessor has given a description as certain as could reasonably be required of him, and under such circumstances the defendant's objection to the assessment should be disregarded.'' The case goes no further than to hold that, where the description is intelligible, the taxpayer cannot complain if he has failed to make the statement mentioned in the stat-

ute. It does not decide, nor was the question involved, that the taxpayer who neglects to make a statement is conclusively bound in all respects by the statement made out by the assessor. We do not think the assessor is authorized to make an arbitrary assessment under section 3633 except upon the neglect or refusal of the taxpayer to give the statement "after demand made by the assessor." The statute plainly so declares. There is no question here of overvaluation of plaintiff's property, and an appeal by plaintiff to the board of equalization would not have resulted in reducing the assessed valuation of his land; for he did not, and does not, complain of the valuation. The board would have had the power to direct the assessor "to enter upon the assessment-book any property which has not been assessed" (section 3679), which would have included the mortgage in question; but in this case, had the board so directed, the mortgage, which was omitted from the assessment-book, could not have been taxed, as it was state property: Hollister v. Sherman, supra. And the board of equalization is nowhere given authority to direct the assessor to enter on the assessment-book the value of any security resting upon land which is taxed, and deduct the same from the assessed value of the land. That is a duty directly devolved upon the assessor, which we think the taxpayer has a right to presume has been performed or will be performed, whether the taxpayer makes a statement or not. If the assessor should demand a statement, the law only requires the taxpayer to include therein all his taxable property; and an omission on his part to call attention to a mortgage resting upon his land would not relieve the assessor from discharging his duty, which is to assess the land to its owner at its value, and to assess the mortgage thereon to the holder, and deduct the value of the mortgage from the value of the land as assessed. It is the duty of the assessor to enter the facts upon the assessment of the owner of the land: Knott v. Peden, 84 Cal. 299, 24 Pac. 160. There is no power given the assessor by section 3633 to arbitrarily assess the mortgage to the owner of the land, by way of penalty or otherwise, nor to refuse or neglect to deduct it from the value of the land, because the land owner has omitted to make a statement, or to do so even where he had refused, upon demand, to make a statement. The assessor may in the latter case fix his own valuation on the land, but he must also deduct therefrom the value of the mortgage, and assess it to the holder.

It cannot be presumed, as respondent urges, that the assessor has actually made the proper deductions, although he failed to so state on the assessment-roll. The law requires the assessor to enter the value of the security in the proper column for such entry, and deduct the same. The copy of the assessment set out in the complaint shows that there was an appropriate column for such an entry, but the assessor failed to enter therein the value of the security, or make any deduction on account of it. There was no excuse for this, for he is furnished by the county with a list of all mortgages. So far from his being protected by a presumption that he discharged his duty, the complaint shows a plain neglect of duty.

If the assessor willfully omits to assess a mortgage, he is liable on his bond for the taxes (section 3660); and if the mortgage escapes taxation, it may be doubly taxed the following year, if still owned by the same person (section 3649). But, while these provisions are intended to protect the tax fund, they do not relieve the mortgagor, who has not received the benefit of the deduction. If he pays his tax under protest, in compliance with the provisions of section 3819, he may recover back the tax paid by him upon the amount of the mortgage which he was entitled to have deducted from the assessment against his land. The judgment should be reversed and the cause remanded.

We concur: Haynes, C.; Gray, C.

McFARLAND, J.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

TEMPLE, J.—I concur in the judgment solely upon the ground that the taxpayer is not subjected to the penalty of a so-called arbitrary assessment for failure to furnish to the assessor a list of his taxable property unless such list has first been demanded by the assessor. It does not appear in this case that such a list was demanded. I do not concur in the apparent intimation that, though such list has been demanded, the taxpayer could complain if he did not furnish a list which would show the mortgages to which the property is subject. If the list does not show the mortgages, in my opinion, it would not constitute such a list of his taxable property as is required. If the opinion can be understood as holding that only when the taxpayer has failed to return a list is the assessor entitled to value the property, or change values made

by the taxpayer, I also dissent from that view. In my opinion, it is always the duty of the assessor to value the property for himself, and that in all cases he not only may, but should, refuse to be bound by the valuations made by the taxpayer. I doubt the propriety of the term ''arbitrary assessment'': See People v. National Bank of D. O. Mills & Co., 123 Cal. 55, 55 Pac. 685.

I concur: Henshaw, J.