[No. 4,535.]

## WILLIAM H. KELLY v. ANDREW MACK.

SPECIFICATION OF REASONS WHY NEW TRIAL SHOULD BE GRANTED.—In an application for a new trial on the ground that the evidence does not

justify the decision, a specification that the evidence is insufficient to justify the judgment, is not sufficient.

IDEM.—In such case a specification that the cause of action set forth in the complaint is not sustained by the evidence, is not sufficient.

POSSESSION OF PUBLIC LAND.—One who has public land enclosed by a fence, and has a shed on it, and cuts hay on it, but does not reside on it, has possession.

EVIDENCE OF TITLE.—Proof that a party had the actual possession of land is *prima facie* evidence of title.

APPEAL from the District Court, Seventh Judicial District, County of Mendocino.

The plaintiff was, in June, 1865, in the possession of a tract of land known as Tick Valley, at the head of the Albion river, Mendocino county, and entered into a written agreement with the defendant, by which he was to sell him the land for six hundred dollars. The defendant paid three hundred dollars down, and was to pay one hundred and fifty dollars on the 1st day of June, 1866, and the remainder on the 1st day of June, 1867. The defendant entered into possession under the agreement. The plaintiff's prior possession consisted in having the land enclosed by a fence, and having a shed on it, and in having used it for cutting hay, but he had not resided on it. The defendant failed to pay the money, and the United States having surveyed it, he, in the fall of 1870, entered it as a homestead under the Acts of Congress, approved May 20, 1862, and March 21, 1864. The plaintiff brought this action to enforce a vendor's lien for the purchase-money. The Court below gave him judgment, and the defendant applied for a new trial. The bill of exceptions contained the evidence, and closed with the following specification of reasons why a new trial should be granted:

"1. Specifications of the particulars in which the evidence is alleged to be insufficient.

"2. The evidence is insufficient to show that the plaintiff was the owner of the land at the time of sale.

"3. The evidence is insufficient to show that plaintiff has a vendor's lien upon the land.

"4. The evidence is insufficient to justify the decision that the land shall be sold.

" 5. The evidence is insufficient to justify the decision that the purchaser shall be let into the possession of the land upon production of the sheriff's deed."

The Court below denied a new trial, and the defendant appealed.

The other facts are stated in the opinion.

*Bond & Kelton,* for the Appellant.

*R. McGarvey,* for the Respondent.

By the Court, McKINSTRY, J.:

The bill of exceptions contains no specification of errors of law.    The appeal is from an order denying a new trial.

As to the specifications of the particulars, wherein the evidence is alleged to be insufficient:    The last two of the attempted specifications are too general, being merely a statement that the evidence is insufficient to justify the decree.    Nor is the second more precise, since it alleges, in effect, that the cause of action set forth in the complaint is not sustained by the evidence.    The first point is not well taken.    The proof is sufficient that plaintiff had the actual possession of the land, and this *prima facie* established his ownership.

Judgment and order affirmed.

Mr. Justice NILES did not express an opinion.