[No. 13264.   Department One. — June 7, 1890.]

S. W. KNOTT, RESPONDENT, *v.* A. O. PEDEN, APPELLANT.

NEW-TRIAL STATEMENT — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS. — In a new-trial statement, only those specifications of insufficiency of the evidence to support the findings which show wherein the evidence is insufficient are properly entitled to be regarded, unless there is no evidence to support the finding assailed, in which case a specification that there is no evidence to support it would be sufficient.

TAXATION — ASSESSMENT OF PROPERTY SUBJECT TO MORTGAGE. — Real property subject to mortgage liens must be assessed in the manner presribed by section 3650 of the Political Code, and the assessment of the interest of the mortgagor must be complete within itself, so as to show upon its face, without reference to the assessment of the mortgagee, that the value of the mortgage interest is deducted from the value of the land, and the remainder must appear separately in the assessment to the mortgagor.

ID. — VOID TAX TITLE. — An assessment of mortgaged land to the mortgagor, in which the remainder of value, after deduction of mortgages therefrom,

can only be ascertained by taking three separate assessments of plaintiff and his two mortgagees as one, and deducting the value of the two mortgage interests from the amount assessed to the mortgagor, is invalid, and a tax deed thereunder will pass no title.

ID. — DESCRIPTION OF LAND BY ROAD DISTRICT. — An assessment of land which does not show the road district within which the land is situated is defective.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion.

*John F. Ellison,* for Appellant.

*Chipman & Garter,* for Respondent.

GIBSON, C. — Plaintiff brought this action against appellant, Peden, and two others to quiet his title to a certain tract of land in Tehama County. A joint answer was filed, in which the co-defendants of Peden disclaimed any interest in the land, and the latter admitted that, prior to the sixteenth day of March, 1885, the title thereto was in plaintiff, but averred that such title was, on that date, transferred to his grantor, one Gale, by virtue of a sale of the land for delinquent taxes, upon which Gale, in due course, received a certificate of sale of and a tax deed to the premises. The trial court, with other facts, found the assessment, upon which the sale and deed rested, to be void, and gave judgment for plaintiff. This appeal is from that judgment, and an order denying a new trial.

Insufficiency of the evidence to sustain the findings is the only reason presented for a reversal of the judgment.

In the statement twelve findings are specified as being unsupported by the evidence, but none of the specifications, as required by subdivision 3 of section 659 of the Code of Civil Procedure, show wherein the evidence is insufficient, except the first, in which it is stated that there is no evidence to support the finding assailed; for if there is no evidence to support a finding, such a specification would, of course, be sufficient. And as it has

been repeatedly held that such requirement cannot be dispensed with, we could properly confine our examination to this one finding. But as respondent's counsel have not objected upon this ground, and have treated the specifications as sufficient, we have examined the evidence and find that it is sufficient to support the findings. The main fact disclosed by it, and upon which the case turns, is, that the assessment made by the county assessor of Tehama County for the year 1884 is invalid.

The assessment roll for that year shows that, in addition to the property in controversy, which is valued at $2,340, two town-lots and the improvements thereon, valued at $325, and certain personal property of the value of $70, were assessed to the plaintiff. The town-lots were subject to a mortgage interest of the value of three hundred dollars, in favor of one Potts, and the land in question to a mortgage interest of the value of two thousand dollars, in favor of one Dowling.

The assessment and taxation of property subject to a mortgage, and the mortgage itself, are governed by the following rule, established by the constitution of the state: "A mortgage, deed of trust, contract, or other obligation by which a debt is secured, shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. Except as to railroad and other *quasi* public corporations, in case of debts so secured, the value of the property affected by such mortgage, deed of trust, contract, or obligation, less the value of such security, shall be assessed and taxed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof, in the county, city, or district in which the property affected thereby is situate." (Art. 13, sec. 4.)

A complete listing by the assessor of all the taxable property of each tax-payer, including the manner in which property subject to mortgage liens shall be assessed, is prescribed in section 3650 of the Political

Code. It prescribes: "The assessor must prepare an assessment-book with appropriate headings, alphabetically arranged, unless otherwise directed by the state board of equalization, in which must be listed all property within the county, and in which must be specified, in separate columns, under the appropriate head," the name of the person to whom the property is assessed, together with a proper description and valuation of each parcel or article of property assessed, exclusive of money; the amount of money; the school, road, and other revenue districts in which each piece of property assessed is situated; the total value of all property; the poll-tax, if the person assessed is liable to pay one. And by subdivision 15: "When any property, except that owned by a railroad or other *quasi* public corporation, is subject to or affected by a mortgage, deed of trust, contract, or other obligation by which a debt is secured, he must enter in the proper column the value of such security, and deduct the same. In entering assessments containing solvent credits subject to deductions, as provided in section 3628 of this code, he must enter, in the proper column, the value of the debts entitled to exemption, and deduct the same. In making the deductions from the total value of property assessed, as above directed, he must enter the remainder in the column provided for the total value of all property for taxation."

The assessment of the property in question here was not made in conformity with either the constitution or the code. It is entered at $2,340 in the column of the assessment roll designed to show "value of real estate other than town and city lots," while on the same page, in a different assessment, viz., that of Dowling, appears a mortgage interest in the same land, entered at $2,000, in a column with this heading: "Total value of all property after deductions." If the amount of this mortgage interest were deducted from the value of the land as required by the constitution, the value of the land assessable to

the plaintiff, as owner, would be but $340. This value is all the plaintiff could be properly assessed for, under the constitution, and it nowhere appears separately in his assessment.

The value of the mortgage interest in the land held by Dowling is not shown in the assessment. It is only found in the separate assessment of Dowling, and seems to have been, together with the mortgage interest of Potts in the town-lots, which is also only found in the separate assessment of the latter, carried to the assessment of plaintiff, and entered in the column headed "Deductions on account of mortgages, deeds of trust, contracts, or other obligations by which a debt is secured by a lien on property," and deducted from the gross value of all the property of the latter, leaving the sum of $435 as the amount assessable to him after all deductions. This amount, however, can only be ascertained by taking the three separate assessments of plaintiff and his two mortgages together as one, and deducting the value of the two mortgage interests as above shown.

It is apparent, then, that the assessor not only failed to comply with the constitution, but ignored the plain object of section 3650 of the Political Code, which requires the assessment of each tax-payer to be complete within itself. Furthermore, the assessment of plaintiff is defective in another particular. The court found that at the time the assessment was made the land in dispute was in the Tehama road district, yet the district is not shown upon the roll; there is no entry in the column headed "Road district."

The conclusion we have reached renders it unnecessary to consider the other points made, and for the reasons given, we advise that the judgment and order be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment and order are affirmed.