BRICKEN v. CROSS *et al.*, *Appellants.*

Division Two, June 22, 1897.

Ejectment: PETITION: JUDGMENT.    If a petition in an ejectment suit does not state a cause of action because of its failure to describe or embrace within its description the land sued for, the judgment is erroneous, even though it correctly describes the part recovered, because such judgment is not authorized by the petition.    The description contained in the judgment must of necessity be based on the description in the petition, whose imperfections are not cured by a judgment correctly describing the land recovered.

*Appeal from Carroll Circuit Court.*—HON. WILLIAM W. RUCKER, Judge.

REVERSED AND REMANDED.

*Hale & Son* and *J. W. Sebree* for appellants.

(1) The description of the land and the judgment should correspond with the petition, or at least it should appear that the premises recovered are within the boundaries of the description contained in the petition. And the land should be described in such terms that the officer charged with the execution of a writ of possession describing it in the same terms will know from the writ what land it is his duty to put the plaintiff in possession of. *Livingston Co. v. Morris,* 71 Mo. 603. The latter part of the description in the petition is exceedingly vague and uncertain. From point of beginning it says thence west twelve and fifty hundredths chains; thence north six and seventy hundredths chains; thence east twelve and fifty-one hundredths chains, north seventy degrees, west to place of beginning. This description on the east line does not close at point of beginning; instead of running north seventy degrees west it should have said south, if it was intended to close at point of beginning.

*James L. Minnis* for respondent.

(1) The decree set out in the abstract is a sufficient answer to appellants' complaint that the description of the land in the judgment does not close at the point of beginning. (2) Appellants further contend that the land described in the judgment is not the same or any part of the land set forth in the petition. This contention is absolutely groundless, as will appear by a comparison of the description of the land as set forth in the petition and the judgment. The place of beginning, as set forth in the petition, is twelve and fifty hundredths chains west and fifteen and fifty hundredths chains south of the northeast corner of section

number 17; the petition then says, "thence south fifty links," which fixes the southeast corner of the land described. The place of beginning, as set forth in the judgment, is twelve and fifty hundredths chains west and sixteen chains south of the northeast corner of section 17, which fixes the southeast corner of the land described in the judgment. In other words, the place of beginning in the judgment is at the southeast corner of the land described in the petition. From the southeast corner the petition says, "thence running west twelve and fifty hundredths chains," which fixes the southwest corner of the land described in the petition. From the said southeast corner the judgment says, "thence west seven and fifty hundredths chains," which fixes the southwest corner of the land described in the judgment, five chains east of the southwest corner of the land described in the petition, but within, of course, the land described in the petition. The petition, after fixing the southwest corner of the land therein described, continues, "thence running north six and seventy hundredths chains, thence running east twelve and fifty hundredths chains, north seventy degrees west, to place of beginning. (3) Appellants next contend that the description of the land in the petition is exceedingly vague and uncertain on account of the words used after fixing the northwest corner, viz.: "Thence east twelve and fifty hundredths chains [north, seventy degrees west], to place of beginning." The words contained within brackets, appellants contend are confusing. We submit that the description could be good without them, and that if objectionable they could be treated as surplusage. The words are used inversely considering the direction the line runs from the said northwest corner to place of beginning. If the points were reversed the words would be correctly used. The words, while improperly

used, do not make the description vague or uncertain, as the description from the northwest corner calls for place of beginning, which describes the land accurately enough.

BURGESS, J.—This is ejectment for the following described tract of land in Carroll county, Missouri, to wit: Four and one half acres of land commencing at a point fifteen and fifty hundredths chains directly south of a point twelve and fifty hundredths chains directly west of the northeast corner of section number 17, in township number 52, of range number 22; thence running directly south fifty links; thence running west twelve and fifty hundredths chains; thence running north six and seventy hundredths chains; thence running east twelve and fifty-one hundredths chains; north seventy degrees west to the place of beginning.

A trial of said cause was had at the July term, 1894, which resulted in a judgment in favor of plaintiff for the possession of the land. The judgment was as follows:

"Now come the parties by attorneys and all and singular, the matters being heard before the court without a jury, the court doth find that the defendants are guilty of trespass and ejectment as complained of in the petition. It is therefore adjudged by the court that plaintiff have and recover of the defendants the possession of the following described real estate situate in Carroll county, Missouri, to wit: Beginning at a point 12.50 chains west and 16 chains south of the northeast corner of section 17, township 52, range 22, thence west 7.50 chains to west line of east 1-2 of northeast 1-4 of said section 17, thence north along said line to south side of public road leading to Burkhart bridge. Thence in an easterly direction along south side of said road to a point north of place of beginning; and

the plaintiff recover of defendants his costs and have writ of restitution and execution.''

Defendants then filed motions for a new trial and in arrest, which were overruled, and they saved their exceptions, and bring the case to this court by appeal.

The only grounds insisted upon by defendants for a reversal of the judgment are: *First*, that the judgment rendered does not conform to the petition in the description of the land; *second*, it does not appear that the premises recovered are within the boundaries of the description contained in the petition.

On the twenty-third day of March, 1897, during the regular March term of said Carroll circuit court, said court, of plaintiff's motion, amended and corrected the judgment theretofore rendered in this cause by a *nunc pro tunc* entry of record, so that the judgment as it now appears of record reads as follows:

''Now comes the parties by attorneys, and all and singular the matters being heard before the court without a jury, the court doth find that the defendants are guilty of trespass and ejectment as complained of in the petition. It is therefore adjudged by the court that plaintiff have and recover of the defendants the possession of the following described real estate situate in Carroll county, Missouri, to wit: Beginning at a point 12 and $\frac{50}{100}$ chains west and 16 chains south of the northeast corner of section 17, in township 52, of range 22; thence west 7 and $\frac{50}{100}$ chains to the west line of the east half of the northwest quarter of said section 17; thence north along said line to south side of public road leading to Burkhart bridge; thence in an easterly direction along the south side of said road to a point north of place of beginning; thence south to place of beginning; being part of the lands described in plaintiff's petition; and that plaintiff recover of defendants his costs and have writ of restitution and execution.''

The land sued for is incorrectly described in the petition. The courses are given as, south five chains, west twelve and five tenths chains and then north seventy degrees west to the point of beginning. This is an impossibility. The last corner in order to close survey should be south sixty-seven chains. The land described in the judgment can not be platted from the description given therein, besides the description given in the judgment must of necessity be based upon the description in the petition whose imperfections were not cured by the judgment. The petition being bad the judgment based upon it is also bad.

While it may be that from the description of the land in the judgment an officer charged with the execution of a writ of possession might be able to put plaintiff in possession of the land therein described, certain it is, that it can not be platted as thus described, because in so doing it must have for its base the description given in the petition, which is no foundation at all. If the petition states no cause of action because of its failure to describe or embrace within its description the land sued for, even though the judgment describes that part correctly which plaintiff recovered, it is nevertheless erroneous because unauthorized by the petition.

Under such circumstances the judgment can not be permitted to stand. It is therefore reversed, and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.