[S. F. No. 644.　Department One.—April 8, 1898.]

AMELIA COOPER DE MOLERA, Respondent, v. JAMES MARTIN, Appellant.

NEW TRIAL—STATEMENT—INSUFFICIENCY OF EVIDENCE.—In a statement on motion for a new trial, the specifications of the particulars in which the evidence is insufficient to justify the decision must not be a mere repetition of the ground of insufficiency of the evidence upon which the notice of the motion is based, nor a mere statement of the insufficiency of the evidence to sustain a general finding in favor of a right of recovery; but the specification of particulars must be of such probative facts, or particular facts necessarily involved in the findings, as it is claimed are not sustained by the evidence, so as to direct the attention of the court and counsel to the particulars relied upon, to the end that the evidence bearing upon the specifications of such particulars may be inserted in the statement and considered by the court.

ID.—AMENDMENTS NOT REQUIRED.—Where the statement does not contain proper specifications of particulars in which the evidence is claimed to be insufficient to justify the decision, the opposite party has the right to assume that the court will follow the statute, and disregard the statement.

ID.—EJECTMENT—INSUFFICIENT SPECIFICATIONS.—In an action of ejectment, a specification of insufficiency of the evidence to justify the decision that the plaintiff was the owner and entitled to possession of the premises, and that the defendant, without right or title, ejected the plaintiff therefrom and unlawfully withholds the possession thereof from the plaintiff, is substantially a repetition of the general ground of insufficiency of the evidence to justify the decision designated in the notice of intention to move for a new trial, and is insufficient. The specifications in such case should relate to the probative facts, involved in the question of title.

ID.—FORM OF SPECIFICATIONS.—The specification should be merely of the particular probative facts or particular findings which it is claimed that the evidence was insufficient to prove, such as would constitute the points of a brief upon the evidence to show grounds of reversal, but the specifications should not state "what the evidence shows," as matter of argument to the contrary of the specifications of insufficiency of the evidence. Such matter of argument should not be made or considered until the hearing of the motion.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial.　J. H. Logan, Judge.

The facts are stated in the opinion of the court.

Delmas & Shortridge, for Appellant.

Rodgers & Paterson, for Respondent.

HARRISON, J.—Judgment was rendered herein in favor of the plaintiff and against the defendant for the possession of a certain tract of land. The defendant moved for a new trial upon the ground that the evidence was insufficient to justify the decision of the court. The motion was denied, and he has appealed from this order, and also from the judgment, presenting the appeal upon a statement of the case. The respondent makes a preliminary objection to hearing the appeal from the order, upon the ground that the appellant has not specified in the statement the particulars in which the evidence is alleged to be insufficient, and therefore the statement must be disregarded.

Section 659 of the Code of Civil Procedure requires the party intending to move for a new trial to give to the adverse party a notice of his intention, "designating the grounds upon which the motion will be made," and upon what papers it will be made. The "grounds" of the motion here referred to are the "causes" designated in section 657 for which a new trial may be granted, one of which is "insufficiency of the evidence to justify the verdict or other decision." Section 659 further states: "When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. If no such specifications be made, the statement shall be disregarded on the hearing of the motion." The statute thus clearly prescribes that in the statement of the case upon which the motion is to be heard the moving party shall state the reasons upon which he claims that the motion should be granted, differently and at greater length than is required in giving the notice of his intention to ask for a new trial. If the cause for which the new trial is sought is the insufficiency of the evidence to justify the decision, the notice need merely "designate" this as the ground of the motion, but in the statement of the case upon which the motion is to be heard this ground of the motion is to be amplified by specifying the "particulars" in which the evidence is claimed to be insufficient. The mere repetition in the statement of the ground of the motion which is designated in the notice is not a compliance with this provision of the section.

The purpose of the statute requiring such specification is ap-
CXX. Cal.—35

parent. It is to direct the attention of the court and counsel to the particulars relied upon by the moving party, to the end that the evidence bearing upon the specifications of such particulars may be inserted in the statement and considered by the court. (*Eddelbuttel v. Durrell*, 55 Cal. 279.) The adverse party is to be advised of the points relied on in order that he may intelligently propose such amendments to the statement as will support the decision, and that the judge may be enabled in settling it to determine whether any portion of the statement is "useless and redundant matter" in respect to the particulars which are specified. Unless the particulars in which the evidence is claimed to be insufficient are specified, the party cannot know what amendments to propose, or whether all of the evidence relating to the points upon which the moving party intends to rely is inserted in the statement. If certain particulars are specified, the adverse party is justified in assuming that these are the only ones which will be considered upon the motion, and he is not required to propose as amendments to the statement the insertion of any evidence other than such as relates to these particulars. If no particulars are specified, other than by the general ground of insufficiency of the evidence, it would be necessary to incorporate all of the evidence of the case in the statement, and there could be no redundant or useless matter for the judge to strike out. And in the absence of such specifications he is not called upon to propose any amendments, but has the right to assume that the court will follow the statute and disregard the statement.

It is not necessary that the specifications shall be in any particular form, if it can be seen that they sufficiently point out to the adverse party the particular grounds upon which the moving party would rely, and thus enable him to prepare such amendments as will fully set forth the evidence upon that point; but, as was said in *Dawson v. Schloss*, 93 Cal. 194, the specifications "should in some form distinguish each particular proposition of fact excepted to from all others found by the court, or involved in the general verdict of a jury." Thus in *Harnett v. Central Pac. R. R. Co.*, 78 Cal. 32, the specification pointed to the want of evidence that the party committing the injury was an employee of the defendant. In *Du Brutz v. Jessup*, 54 Cal. 118, the specification pointed to the amount of damages that had been sus-

tained. In *Brenot v. Brenot,* 102 Cal. 294, the specification pointed to the person with whom the adultery was committed. If there is no evidence in support of a finding, a specification in these terms is sufficient. (*Knott v. Peden,* 84 Cal. 300.) *Wise v. Burton,* 73 Cal. 166, is the only case brought to our notice in which a general specification like the one in the present case has been sustained, and this was upheld chiefly upon the ground that it followed certain cases which had not then been expressly overruled, the court at the same time pointing out that by a proper compliance with the statute, a consideration of the appeal would be secured. So far as this case is inconsistent with the later cases it must be held to have been overruled by them.

In the statement herein the particulars in which the evidence is claimed to be insufficient to justify the decision of the court are given as follows:

"1. The evidence is insufficient to justify the decision of the court that the plaintiff was at any time the owner and possessed and entitled to possession, and was at the time of the commencement of this action the owner and entitled to the possession of the tract of land in controversy in this action, in this, to wit, that the evidence shows that at no time has the plaintiff been the owner or been possessed or been entitled to the possession of said real property, or any part or parcel thereof, but that, on the contrary, at the time this action was commenced the defendant was, and ever since has been and now is, the owner and entitled to the possession of the same.

"2. The evidence is insufficient to justify the findings of the court that the defendant at any time without right or title entered into and upon said premises and estate and ejected the plaintiff therefrom, or that he unlawfully withholds the possession thereof from the plaintiff. The evidence, on the contrary, shows that the defendant never did oust or eject the plaintiff from said premises, or any part thereof, and was at the time this action was commenced, and ever since has been, lawfully in possession of the same."

The above specification, that the evidence is insufficient to justify the decision that the plaintiff was at any time the owner and entitled to the possession of the land in controversy, is but a repetition of the ground designated in the notice of intention

to move for a new trial, instead of a specification of any particular in which the evidence is insufficient, and is merely a statement that upon a consideration of the entire evidence the decision should have been otherwise, and is not a specification of the particulars in which the evidence is insufficient. If a finding is of an ultimate fact which results from the establishment of several probative facts, these probative facts constitute the particulars from which the ultimate fact is drawn, and, if it is claimed that the evidence is insufficient to establish any of these probative facts, the particulars of such insufficiency should be specified in the statement. In *Kelly v. Mack*, 49 Cal. 523, an action brought to enforce a vendor's lien, it was held that the specification, "the evidence is insufficient to show that plaintiff has a vendor's lien upon the land," failed to comply with the statute, for the reason that it was merely an averment in effect that the cause of action set forth in the complaint was not sustained by the evidence. In the same case it was held that a specification that "the evidence is insufficient to show that the plaintiff was the owner of the land at the time of sale" was a sufficient specification of the particular in which the evidence failed to support the decision, since ownership of the land was one of the probative facts essential to entitle the plaintiff to a vendor's lien.

The latter part of the foregoing specification, beginning with the words, "in this, to wit, that the evidence shows," etc., is only a repetition in another form of the general declaration of the insufficiency of the evidence to justify the decision, and is in no respect to be considered a specification of any particular in which it is insufficient. What "the evidence shows" is but an argument upon the result to be deduced from a consideration of the entire evidence in the case, and is not the specification of a particular in which it is insufficient. Such specification has been frequently held to be insufficient. (*Spotts v. Hanley*, 85 Cal. 155; *Adams v. Helbing*, 107 Cal. 298; *Kumle v. Grand Lodge*, 110 Cal. 204; *Haight v. Tryon*, 112 Cal. 4.) In *Baird v. Peall*, 92 Cal. 235, it was said: "Each distinct proposition excepted to on the ground that it is not justified by the evidence should be separately specified, and no statement of the evidence nor deduction therefrom by way of argument is proper in connection with the specification.

What 'the evidence shows' should not be argued or considered until the hearing of the motion."

The propriety of the rule is well illustrated in the present case. The tract of land described in the complaint is claimed by the plaintiff to be a part of the Moro Cojo Ranch, consisting of about seven thousand acres, which belonged to J. H. B. Cooper, and from whom she claims to derive title by virtue of a decree of distribution upon the settlement of his estate, wherein there was distributed to her a portion of the rancho marked "A" upon a map annexed thereto, and which she claims includes the tract of land described in the complaint.   Under the pleadings herein the plaintiff's ownership and right to the possession of the land was the issue to be tried by the court, since the defendant's right of possession depended upon the determination of this issue. The complaint alleges her ownership and right of possession, and that the defendant had without right entered thereon and withholds the possession from her, and these averments were denied in the answer.   At the trial the plaintiff offered in evidence the patent from the United States to Cooper, and the decree of distribution awarding to his daughter, named Francesca G. A. Cooper, called also in the decree Francesca G. Amelia Cooper, a tract of land, including the premises in controversy, designated upon a certain map as lot A.   A map was also offered in evidence which included the land described in the complaint, and evidence was given that the defendant was in possession of this land at the time the suit was commenced.   Evidence was also given tending to show that the land described in the complaint was within the boundaries of the rancho, and that it is included in the land described in the patent.   It appeared from the patent that the rancho at this place is bounded on the south and west by the Salinas river, and it was shown that the land described in the complaint lies to the north of that river.   E. J. Molera, called as a witness on behalf of the plaintiff, testified that he was her husband.   In the brief filed in support of the appeal the evidence is claimed to be insufficient in the following particulars: 1. Failure on the part of the plaintiff to show that she is a distributee of the estate of Cooper; 2. Failure to show that the tract described in the complaint is within the tract A distributed to the plaintiff; 3. Failure to show that the tract was a part of the Rancho Moro

Cojo; and under the latter proposition the appellant urges that, by reason of a change in the bed of the Salinas river since the rancho was patented to Cooper, the survey therein given does not include the lands in controversy, although they lie on the same side of the river as it now exists.

The finding of the court that the plaintiff was the owner and entitled to the possession of the land was upon a consideration of all of the evidence offered in support of her claim of ownership. This involved a consideration of the several particulars by which her ownership was to be established. Ownership, when regarded as a fact rather than as a conclusion of law, as in the finding herein, is the ultimate fact resulting from several probative facts to which the evidence in the case is directed. If the evidence is insufficient to sustain any of these probative facts, the particular facts which are not sustained by the evidence should be specified. In *Thorne v. Hammond*, 46 Cal. 530, it was said: "It will not do to say that 'the plaintiff showed no right of possession of the premises sued for as against the defendant, or at all,' for as a specification this would be of no more applicability to any one than to any other of the series of alleged facts upon which the plaintiff relied to make out his right to possession." The grounds for reversal presented in the brief of appellant, as above stated, should have been specified in the statement as the particulars in which the evidence is insufficient to justify the decision. Whether the plaintiff is the person to whom the distribution was made by the name of Francesca G. Amelia Cooper, or whether the present boundary of the Salinas river is such as to place the lands in controversy within or without the boundaries of the Moro Cojo ranch, or whether they are within or without the limits of the tract marked A, are the probative facts upon which her ownership and right to the possession of the land depend, and, if the appellant would claim that any one of these facts is not sustained by the evidence, he should have specified it as a particular in which the evidence was insufficient to justify the decision of the court. We cannot say that, if they had been called to the attention of the plaintiff, the statement would not have shown other evidence in support thereof, and we must assume that the court for this reason disregarded the statement. If so it properly denied the motion for a new trial.

The appellant does not question the sufficiency of the findings to sustain the judgment, and the judgment and order denying a new trial are affirmed.

Garoutte, J., and Van Fleet, J., concurred.