[Sac. No. 1036.   Department Two.—October 18, 1902.]

THE WICKERSHAM BANKING COMPANY, Appellant,
v. C. B. RICE and JENNIE P. RICE, Respondents.

EJECTMENT—FINDINGS—TITLE—RIGHT OF POSSESSION—HOMESTEAD.—
In an action of ejectment, where the plaintiff recovered judgment,
subject to a homestead claim upon part thereof, and there is no
finding in favor of either party as to the ultimate facts of title
and right of possession in issue, and no facts are found as to the
alleged homestead, and as to whether or not it attached to the
premises prior to the title acquired by plaintiff, the judgment is not
sustained, and must be reversed.

APPEAL from a judgment of the Superior Court of
Trinity County.   N. D. Arnot, Judge.

The facts are stated in the opinion.

Lippitt & Lippitt, for Appellant.

Reid & Bartlett, for Respondents.

COOPER, C.—Action in ejectment.   The plaintiff cor-
poration alleged that it was, at the commencement of the
action, the owner in fee and entitled to the possession of the
several parcels of land described in the complaint, and that
while it was so seised and entitled to the possession the
defendants—husband and wife—entered into possession and
ousted and ejected it therefrom.   The answer denied that
plaintiff was the owner, or seised in fee, or entitled to the
possession, but admitted the ouster.   It further alleged, or
attempted to allege, that a certain described portion of the
premises constituted the homestead of defendants, and that a
declaration of homestead in writing, and duly acknowledged,
was filed for record upon the said described part of the prem-
ises, on the third day of October, 1887.   The court found the
facts as follows:—

"I. That defendant being then the owner of the land and
premises described in plaintiff's complaint, made, executed
and delivered to I. G. Wickersham, on the seventeenth day
of August, 1886, a deed absolute on its face of all the said
lands;

"II. That on the twenty-third day of April, 1897, the said I. G. Wickersham conveyed the said premises by a deed of bargain and sale to the plaintiff, the Wickersham Banking Company;

"III. That on the fourth day of June, 1900, the sheriff of Trinity County made, executed and delivered to the plaintiff a deed of all of said premises as sheriff upon the sale of all said premises upon an execution issued out of the superior court of the state of California, in and for the county of Sonoma, in the action wherein I. G. Wickersham was plaintiff, and C. B. Rice and Jennie P. Rice, his wife, were defendants;

"IV. That on the third day of October, 1887, the said Jennie P. Rice recorded a homestead upon the following portions of said premises, to wit: The west half of the southwest quarter of section fifteen, and northeast quarter of the northeast quarter of section twenty-one, and the northwest quarter of the northwest quarter of section twenty-two in township three south of range six east of Humboldt meridian."

As conclusions of law, the court found that plaintiff was entitled to the possession and restitution of the premises, except the portion embraced in the declaration of homestead, and judgment was accordingly entered.

Plaintiff appeals from the judgment and contends that the findings do not support it, and with this contention we agree. There is no finding upon the issue as to title. The finding numbered one does not show who executed the deed to Wickersham, nor whether or not it passed the title.

It might have been a deed without consideration, or it might have been absolute on its face, and yet have been a mortgage. If it conveyed the title to Wickersham in August, 1886, it is difficult to perceive how the homestead declaration made in October, 1887, could have affected Wickersham's title. He had, by deed made in April, 1897, conveyed the premises to plaintiff. If plaintiff took title by virtue of these deeds, the subsequent filing of a homestead could not affect the title so acquired.

The third finding does not show that the "sheriff's deed" conveyed any title. There is nothing to show that the execution therein referred to was issued upon a judgment, nor, if there was a judgment, whether or not it was a lien upon the

premises prior to the time the homestead was recorded. The fourth finding simply shows that defendant Jennie P. Rice recorded a homestead upon certain described premises on the 3d of October, 1887. If this be taken to mean a declaration of homestead in writing and acknowledged, it does not appear by whom the declaration was made, nor that Jennie P. Rice, at the time of making it, resided with her family upon the premises, nor whether or not she ever resided thereon.

The court should have found upon the issue as to title and right of possession. It should have found the facts as to the alleged homestead, and whether or not it attached to the premises prior to the title acquired by plaintiff.

The judgment should be reversed.

Haynes, C., and Gray, C., concurred

For the reasons given in the foregoing opinion the judgment is reversed.

Henshaw, J., McFarland, J., Temple, J.