[L. A. No. 1075. In Bank.—December 31, 1903.]

## J. L. HARRIS, Appellant, v. REFUGIO DUARTE et al., Defendants; MARIUS BELLUE and MARIE BELLUE, Respondents.

APPEAL—REVIEW OF EVIDENCE—SUFFICIENCY OF SPECIFICATIONS—GENERAL FINDINGS—ISSUES JOINED—CASE OVERRULED.—A specification of insufficiency of the evidence to support the findings is sufficient where it points to a particular finding, or if the motion for a new trial is directed against a general verdict or an *omnibus* finding that all or certain allegations of the complaint or answer are true, or, if there are no findings, the specification need be no more specific than the issues distinctly made by the pleadings. [*De Molera* v. *Martin*, 120 Cal. 544, is overruled so far as holding to the contrary.]

ID.—ACTION TO QUIET TITLE—ULTIMATE FINDINGS AS TO OWNERSHIP—GENERAL SPECIFICATIONS.—In an action to quiet title, where the findings are merely general as to the ultimate facts of ownership by the defendants, and that plaintiff did not have title to the premises, specifications of insufficiency of the evidence to support each of these findings as made are sufficient to entitle the plaintiff to a review of the evidence upon appeal.

ID.—FINDINGS AGAINST EVIDENCE—TITLE OF ASSIGNEE IN INSOLVENCY—DECLARATION OF HOMESTEAD—LIMITED DESCRIPTION.—Where the appellant claimed title to the disputed premises under conveyance from an assignee in insolvency of the respondent's husband, and a declaration of homestead under which the respondents, husband and wife, claim, did not describe the disputed premises, though the husband in fact owned and resided upon the same, as part of his inclosure, the disputed premises were not exempt as a homestead from the claims of creditors, and findings that the respondents are entitled to the disputed premises, and that plaintiff is not entitled thereto, are against the evidence.

ID.—DEED BY ASSIGNEE IN INSOLVENCY—PROOF OF PROCEEDINGS NOT REQUIRED.—A party claiming title under a deed by an assignee in insolvency is not required in support of his deed to offer proof that the assignee made full report of his proceedings under the order of sale, and that the insolvency court made an order confirming the sale.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and J. W. Swanwick, for Appellant.

J. Brousseau, for Respondents.

BEATTY, C. J.—This is an action to quiet title to a strip of land in Los Angeles, about one hundred and fifty feet in width, bounded on the north by Jefferson Street, and extending from Alameda Street on the east to the line of Glass's land on the west. In the tract bounded by Jefferson Street on the north, Alameda Street on the east, the land of Glass on the west, and the land of Stanway on the south, there are approximately eleven and a half acres, and the strip in controversy, containing about one and one half acres, is bounded on the south by the north line of the southernmost ten acres of the whole tract. Numerous parties were named as defendants, but as to some the action was dismissed. Others were defaulted and others disclaimed, so that there remained as contestants of plaintiff's title only Bellue and wife. Upon a trial of the issues, the superior court found in their favor, and plaintiff appeals from an order denying his motion for a new trial.

The principal ground of the motion was insufficiency of the evidence to support the findings of fact,—i. e. that Bellue and wife had, and that plaintiff did not have, title to the premises; and the main contention of appellant is, that the superior court erred in refusing to grant a new trial on this ground. Respondents object to any consideration of the evidence in the record upon the ground that the statement on motion for new trial does not purport to contain all the evidence and does not specify the particulars in which the evidence is insufficient to sustain the findings. We think, however, that the specifications are entirely sufficient. They are as specific as the findings themselves, which, it is true, are of the ultimate facts of ownership, and absence of ownership. The findings may be obnoxious to the rule stated in *De Molera* v. *Martin*, 120 Cal. 544, but that rule has not been followed in any recent case. I have never deemed it a correct rule, and in the opinion of Justice Shaw, concurred in by Justices Henshaw and Angellotti, in the case of *Bell* v. *Staacke*, decided November 30th last (*ante*, p. 186), it is unequivocally rejected. It may therefore be understood

that *De Molera* v. *Martin* is, as to this point, overruled. A specification is sufficient when it points to a particular finding, or if the motion is directed against a general verdict, or an *omnibus* finding that all or certain designated allegations of the complaint or answer are true, or a judgment without findings, in any such case it need be no more specific than the issues distinctly made by the pleadings.

Among the facts clearly established by uncontradicted evidence were the following: By a deed made and recorded August 2, 1886, Frederico Pena conveyed to Marius Bellue the southernmost ten acres of the tract of land bounded on the north by Jefferson Street, south by lands of Stanway, west by lands of Glass, and east by Alameda Street; that is to say, he conveyed the south ten acres of the tract containing eleven and a half acres. Upon receipt of this deed Bellue entered into possession of the whole of the eleven and a half acres, inclosing in one body not only the ten acres described in the conveyance from Pena, but also the strip about one hundred and fifty feet wide lying between his ten acres on the south and Jefferson Street on the north. He seems to have supposed that his deed covered the entire tract, and Pena does not seem to have made any claim to the contrary. At all events, Bellue claimed the whole, paid taxes on the whole, and constructed his house—a dwelling and store—at the corner of Jefferson and Alameda streets, quite outside of the ten acres described in Pena's deed. In this house he was residing with his wife and three children on May 10, 1894, when his wife made and filed a declaration of homestead, the material portion of which reads as follows: "Know all men by these presents: That I do hereby certify and declare that I am the wife of Marius Bellue, and that I do now, at the time of making this declaration, actually reside with my husband and children on the land and premises hereinafter described. That the land and premises on which I reside are bounded and described as follows, to wit: Being the southernmost 10 acres of that certain tract of land in the southeast quarter of section nine, township two south, range 13 west, S. B. M., bounded on the north by Jefferson Street, or road, on the south by lands lately or now owned by J. S. Stanway, on the west by lands occupied by one Glass; and east by Alameda Street or road."

It will be observed that this is the same description contained in Pena's deed, and that it does not cover the land upon which Bellue's house was situate or any portion of the strip in controversy, unless the boundaries given can be drawn to the line of Jefferson Street by the statement that the land described was the land on which the declarant was residing. But this we do not think can be done. A declaration of homestead must contain a description of the premises claimed, and a statement that the person making it is residing on the premises described. (Civ. Code, sec. 1263.) If the declarant makes a mistake and gives a description of land upon which she does not reside, her statement that she resides upon the land cannot enlarge its boundaries. The strip in controversy was therefore not exempt as a homestead from the claims of creditors. This being its condition on May 12, 1894, Bellue filed his voluntary petition in insolvency under the state law. On the same day he was adjudged insolvent, and in due course transferred all his property to his assignee, from whom plaintiff derives title to the strip in controversy by various mesne conveyances.

Upon this evidence we cannot see how the finding of the superior court in favor of Bellue and wife can be sustained. The premises were not covered by the homestead, and passed to the assignee in insolvency, and from him by regular conveyances to the plaintiff.

There is some question made by respondent as to the validity of the assignee's deed, based upon the absence of proof that he made a full report of his proceedings under the order of sale, and the failure to offer proof that the insolvency court made any order confirming the sale preliminary to the execution of the assignee's deed. We are not cited to any law, and we are not aware of any, which requires a party making title under an assignee in insolvency to offer proof of these matters in support of his deed.

The order appealed from is reversed, and the cause remanded.

Shaw, J.    Angellotti, J., McFarland, J.,
Lorigan, J., Henshaw, J.

Van Dyke, J., dissented and adhered to the opinion rendered in Department One.

The following is the opinion of Department One rendered on the 8th of October, 1902, and adhered to by Mr. Justice Van Dyke:—

VAN DYKE, J.—Action to quiet title and judgment for certain of the defendants.

The appeal is from an order denying plaintiff's motion for a new trial. Appellant relies upon errors of law occurring at the trial, consisting in overruling plaintiff's objection to the admission of evidence showing prescriptive title in the defendants Bellue, and in admitting a declaration of homestead made by the defendant Marie Bellue; also upon the ground that the evidence is insufficient to justify the findings. It was in issue that the respondents claimed title to a portion of the premises described in the plaintiff's complaint. It was competent and relevant, therefore, to introduce testimony in support of a prescriptive title, as well as a title by deed. Occupancy for the period prescribed by law as sufficient to bar an action for the recovery of the property confers a title thereto, denominated title by prescription, which is sufficient against all. (Civ. Code, sec. 1007.) The testimony was proper also to aid the court in construing the declaration of homestead as to the description of the premises. The declaration in the usual way states that the party making it at that time actually resided with her husband and children on the land and premises therein described (then giving the description), from which description the appellant contends the homestead property did not extend to Jefferson Street. Defendant Bellue testified that he with his wife resided at Jefferson and Alameda streets in the city of Los Angeles; that he went on those premises in 1889, and fenced around the property, cultivated it, built a house on the corner of Jefferson and Alameda streets; that he lived there continuously from that time; and that he was the husband of Marie Bellue at the time of the declaration of homestead, and that she lived on the premises with him as his wife, with their children. He also introduced state, county, and city tax-receipts from 1888-1889 up to the date of the trial in 1900, describing the premises as a quarter-acre bounded north by Jefferson Street and east by Alameda Street. Appellant contends that a pre-

scriptive title would not avail the defendants unless the possession continued longer than five years after the filing of the petition in insolvency of defendant Marius, May 12, 1894; but the proceedings in insolvency did not affect the homestead, as that was exempt under the law, and the schedule in the inventory, after giving a description of the property, states that "the foregoing is subject to declaration of homestead by Marie Bellue, wife of petitioner"; and the deed of the assignee in insolvency to the grantor of plaintiff could not convey the homestead tract, even if it purported to do so.

Appellant contends that the evidence does not support finding II, to the effect that the plaintiff is not the owner of the land therein described, as against the respondents, and that there is no determination by the court as to who is the rightful owner of that portion of the property sued for, not embraced in said finding II. The finding referred to is to the effect that the respondents were the owners of the premises therein described,—to wit, the homestead property on the corner of Jefferson and Alameda streets, already referred to. —and that the plaintiff had no right, title, or interest in or to the same. Finding III is to the effect that the plaintiff is the owner of the land described in the complaint as against all the defendants excepting the respondents, and as to them, except that part thereof which is described in finding II. It cannot be said that the findings are not supported by the evidence, and the statement on motion for a new trial does not purport to contain all the evidence, and, if any evidence is omitted, it will not be presumed to be adverse to the finding of the court.