[Civ. No. 819.   Third Appellate District.—May 11, 1911.]

## ROBERT PORTER and ZIPPORAH RUSS, Respondents, v. ANDREW J. COUNTS, Appellant.

ACTION TO ESTABLISH DISPUTED BOUNDARY OF GOVERNMENT SURVEY— SURVEY MADE ACCORDING TO GOVERNMENT RULES—SUPPORT OF FINDINGS.—Where in an action of ejectment it was sought to establish the disputed boundary of a government section, it is held that proof of a survey made by a competent surveyor, who followed the rules of the land department in determining the location of the disputed line, was competent to show its location, and findings based thereon according to his testimony of such survey were supported thereby.

ID.—MOTION FOR NEW TRIAL FOR FURTHER SURVEY—INSUFFICIENT GROUND.—A motion for a new trial made by the losing party, in order to have a further new survey made, will not be granted where the case has been twice tried, and the surveyor who made the survey is shown to be well qualified to make it, and the losing party had full opportunity to call in the services of any other surveyor of his own choice to do the work preparatory to his defense.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.   Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

E. M. Frost, and L. M. Bunnell, for Appellant.

J. H. G. Weaver, for Respondents.

CHIPMAN, P. J.—This is an action in ejectment, the real issue being to establish the boundary line between adjoining tracts of land claimed by the parties respectively.   The cause was here on appeal from the judgment in favor of plaintiffs at the first trial and was reversed and sent back with directions to establish more definitely the west boundary of plaintiffs' land which would also be the east boundary of defendant's land.   (*Porter* v. *Counts,* 6 Cal. App. 550, [92 Pac. 655].)   At the second trial plaintiffs had judgment, from which and from the order denying his motion for a new trial defendant appeals.

16 Cal. App.—16

There is no conflict in the evidence, for the findings rest upon the testimony of surveyor Elsemore, who was the only witness who undertook to make the survey necessary to the ascertainment of the desired line. The point of objection to the finding and judgment is that in making the survey Mr. Elsemore did not follow the rules and regulations prescribed by the United States land department. The same point was made on the former appeal, and it was held that, while the evidence was sufficient to show that defendant had encroached upon plaintiff's land, it was not sufficient to determine to what extent the encroachment went, nor was it sufficient to meet the issue raised by defendant's cross-complaint.

The findings and judgment at the first trial were supported by witness Elsemore's testimony, as they are now. But at the second trial his testimony showed that he had made some further surveys and was able to definitely locate the line to establish which the cause had been remanded for a new trial.

Plaintiffs are the owners of the southeast quarter of the northwest quarter and the east half of the southwest quarter of section 19, and the northeast quarter of the northwest quarter of section 30, township 3 north, range 4 east, Humboldt meridian. Defendant is the owner of lots 2, 3 and 4 of said section 19 and lot 1 of said section 30. It is not deemed necessary to give all the testimony of witness Elsemore showing in detail the method by which he reached his conclusion. He testified that he followed the rules and regulations laid down by the general land office in ascertaining the location of corners and boundary lines of sections and subdivisions of sections, and we cannot discover, from anything brought out in his cross-examination, or otherwise, that his method was in violation or in disregard of these regulations and directions, nor was it, so far as we can see, likely to result in making an incorrect or unwarranted location of this disputed line. By taking a township plat and following what we shall briefly show was done by the witness, it will be seen that the court was justified in its findings. All the section corners on the west township line are still in place, from section 30 to the northwest corner of section 18. So, also, are the section corners on the south township line east to the southwest corner of section 33. From this latter section corner running north to the southwest corner of section 16 the section corners were

found. On the section line north from the southwest corner of section 32, until he came to the quarter corner between sections 7 and 8, the witness found no corners and could find nothing corresponding with the field-notes. He found where these missing corners ought to be and was able to locate them on the map, but did not establish them in place, as he deemed it unnecessary. He had the section corners to sections 19 and 30 on the township line from which to work, and he had the distance from the known corners two miles east of these. He also had the line from the southwest corner of section 32 to the quarter corner between sections 7 and 8. He made many measurements and established the northeast corner of the southeast quarter of the northwest quarter of section 19. He also established the southeast corner of the northeast quarter of the northwest quarter of section 30. He found the distance from these corners west to the township line and also the distance from the southwest corner of section 19 along its south boundary to a point where plaintiffs' line crosses that boundary. He also located the northwest corner of the southeast quarter of the northwest quarter of section 19 and the southwest corner of the northeast quarter of the northwest quarter of section 30. He testified that he "tied up to the southwest corner of section 19," the corner last above referred to in that section, as was also the corner in section 30. He ascertained by measurements the strip of land in controversy, determining its width on the boundary line between sections 19 and 30 and also the width at its north and south boundaries and he definitely located the *situs* of the dividing line between the land of plaintiffs and the land of defendant. This line is now definitely fixed and located in place and by such description in the findings and decree that any person competent to handle surveying instruments can trace it accurately. This, it seems to us, determines the whole controversy. The findings have support in the evidence and support the judgment.

We are asked to grant a new trial in order that a more experienced surveyor can be called upon to ascertain the true line. The case has been tried twice. Witness Elsemore showed himself well qualified, so far as we can now judge. Defendant had full opportunity to call in the services of any surveyor of his choice to do the work preparatory to his de-

fense.    The request for a new trial on the ground urged does not appeal to our sense of fairness or justice.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.